# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: SCHAGRINGAS CO. | |
| | Master File No. 1:06-CV-3621 |
| v. | |
| | The Honorable James B. Zagel |
| BP PRODUCTS, ET AL. | |
| | |
| This Document Relates To: | |
| | |
| ALL DIRECT PURCHASER ACTIONS | |

## FINAL ORDER AND JUDGMENT

The Court has considered Direct Purchaser Plaintiffs' Motion for Final Approval of Settlement with defendant BP America, Inc. ("BP") (the "Motion"), and has held a duly-noticed final approval hearing on May 26, 2009. The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and therefore grants the Motion and expressly directs the entry of final judgment as to the BP Releasees (as defined in the Direct Purchaser Settlement Agreement).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this litigation and the parties, including the members of the Settlement Class certified by Order of the Court dated January 26, 2009 (the "Settlement Class").

2. Terms defined in the Direct Purchaser Settlement Agreement dated January 7, 2009, between the Plaintiffs and the Settlement Class, on the one hand, and BP, on the other (the

"Settlement Agreement"), shall have the same meanings when used in this Final Order and Judgment.

3. The Court finds that due and adequate notice has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, among other things, the pendency of this action and the proposed settlement with BP. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Class identified by BP, as well as by Plaintiffs' independent investigation. Notice was also given by publication twice in the national edition of *The Wall Street Journal*. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

4. The Court finds that the Settlement Class members identified on the schedule attached hereto as Exhibit A, and no others, have timely requested to be excluded from the Settlement Class and accordingly are not included in or bound by this Final Order and Judgment.

5. The Court finds that the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement with BP was reached following extensive investigation and resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions. The Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. In this regard, the Court also finds that the Plan of Allocation set forth in the Settlement Notice is fair, reasonable, and adequate to the Settlement Class.

6. The Settlement Fund has been established as a trust under Illinois law, which has been established as a Settlement Fiduciary Account. The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

7. The Court hereby awards to Class Counsel from the Settlement Fund ____% of the Settlement Fund as reasonable attorneys' fees. The fee awarded herein, minus the portion of the fee attributable to the $6.5 million of potential Opt-Out Credit (the "Opt-Out Credit Reserve"), may be paid upon the Effective Date in accordance with the Settlement Agreement. Thereafter, pursuant to Section I of the Settlement Agreement, the parties shall determine the Opt-Out Credit Amount to be paid to BP, if any. Class Counsel shall then be paid that portion of the fee award attributable to any portion remaining in the Opt-Out Credit Reserve. The Court further awards to Class Counsel from the Settlement Fund $_____ as reimbursement for reasonable expenses. All awards of fees and expense reimbursement are to include a pro-rata portion of the interest earned on the Settlement Fund, if any. Class Counsel are authorized to allocate to other counsel the fees awarded herein, taking into account their relative contributions to the Action.

8. The Court hereby awards $_____ in the aggregate as an award to named plaintiffs to be paid from the Settlement Fund in recognition of these plaintiffs' efforts in initiating and pursuing this litigation on behalf of the Settlement Class. Class Counsel shall determine the amount of payment to each such plaintiff from this aggregate amount.

9. Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction for the purposes of, among other

things, implementing and enforcing the Settlement Agreement and the Settlement contemplated thereby (including any issue that may arise in connection with the formation and/or administration of the qualified settlement fund described in ¶ 6 above) and determining any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund.

10.  Consistent with the Direct Purchaser Settlement Agreement, the BP Releasees, individually and collectively, are hereby released and forever discharged by the Releasors from liability for any and all claims, demands, actions, suits, obligations, promises, liabilities or costs of any kind, including but not limited to any tort claims, contract claims, statutory claims, controversies, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, demands, debts, claims for damages, liquidated damages, trebled, punitive or exemplary damages, fines or penalties, equitable relief, expenses and/or attorneys' fees, or liabilities of any nature whatsoever in both law or in equity, whether class, individual, or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have, against the BP Releasees, whether known or unknown, suspected or claimed, on account, or arising out of, relating to, or based on conduct alleged or asserted in the Action.

11.  Plaintiffs and each member of the Settlement Class are hereby permanently enjoined from instituting, causing to be instituted, assisting in instituting or permitting to be instituted on his, her or its behalf any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise alleging or asserting against the BP Releasees, individually or collectively, any of the claims released in this Order and in the Settlement Agreement.

12.  Data provided by Class Members in connection with the submission of claims will be held in strict confidence, available only to the Claims Administrator, Class Counsel,

experts or consultants acting on behalf of the Class, and if necessary in the determination of Class Counsel, outside counsel for BP, and BP's outside experts. If necessary to resolve a dispute about the claim, such data may also be disclosed to Court personnel. In no event will a Class Member's data be made publicly available, including to any other market participant or BP personnel, except as provided for herein or upon Court Order for good cause shown.

13. This Action is hereby dismissed as to all defendants with prejudice and with each party to bear its own costs.

Dated at Chicago, Illinois

*May 26*, 2009.

_____
JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE