Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 CV 3621 | **DATE** | June 24, 2010 |
| **CASE TITLE** | SCHAGRINGAS CO. et al. v. BP PRODUCTS NORTH AMERICA, INC., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiffs' motion for attorneys' fees and expenses is granted.  Plaintiffs' motion for approval of final expense payment to GCG is entered and continued.   Plaintiffs are ordered to file documentation setting forth the amount of expenses outstanding.

## STATEMENT

As part of their motion for final settlement approval, Plaintiffs request attorneys' fees in the amount of 29.5% of the gross settlement fund, or $15.34 million, as well as costs and expenses in the amount of $782,869.28.  Plaintiffs also seek approval of a final expense payment to The Garden City Group ("GCG"), the Claims Administrator in the present action.  For the following reasons, Plaintiffs' requests for approval of payments are granted.

Plaintiffs' request for attorneys' fees in the amount of 29.5%, or $15.34 million, is fair and reasonable compensation for class counsels' efforts in this case.  "When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis."  *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) (internal citations omitted).  When set by the court, the fee should be at a level "that will approximate what the market would set."  *Id.* at 363; *see Sutton v. Bernard*, 504 F.3d 688, 690 (7th Cir. 2007).  One way to gauge the market rate is to examine evidence of "the terms of retention in similar suits," *Steinlauf v. Continental Ill. Corp.*, 962 F.2d 566, 573 (7th Cir. 1992), or "an actual offer of representation by an attorney in this case to a plaintiff in this case regarding the specific facts of this case[,]" *Spicer v. Chicago Bd. Options Exchange, Inc.*,  844 F. Supp. 1226, 1255 (N.D. Ill. 1993).  In this case, Plaintiffs have submitted both, and the evidence demonstrates that the market range for legal services in a contingency matter such as this (or in this same matter) is 30-33%.   Plaintiffs are seeking 29.5% of the gross settlement fund, a percentage fee at the lower end of this range.  Counsel expended substantial effort in this complicated and risky monopolization case.  The requested 29.5% fee is fair and reasonable.

Plaintiffs also request costs and expenses in the amount of $782,869.28.  Because under the common fund doctrine attorneys may collect their related expenses, because Plaintiffs' requested fees are at the low end of the market range, and because there has been no objection, Plaintiffs are entitled to this sum. *See Holbrook v. Pitt*, 748 F.2d 1168, 1176 (7th Cir. 1984); *In re Matter of Synthroid Marketing Litig.*, 264 F.3d 712, 722 (7th Cir. 2001).

Finally, Plaintiffs seek approval of a final expense payment to GCG, the Notice and Claims Administrator retained in this case.  In the Preliminary Approval Order, this Court authorized that monies from the Settlement Fund be used for reasonable expenses associated with administering the Fund.  I am inclined to authorize this payment, but am unable to locate any documentation filed since the last approved payment on December 8, 2009, which sets out or summarizes what these expenses might be.  Once I receive supporting documentation, I will issue my ruling on this payment.